The Honorable Fay W. Boozman, III State Senator 2901 Honeysuckle Lane Rogers, AR 72758
Dear Senator Boozman:
This is in response to your request for an opinion on the following questions:
 1. Can the Board of Trustees of the Teacher Retirement System require members, seeking to place an item on the board's agenda, to place their social security numbers on the agenda item request form? A copy of the agenda item request form is enclosed for your evaluation.
 2. Can the Board of Trustees of the Teacher Retirement System require signatures of 50 members before it will put an item on the agenda?
Your first question requires reference to Section 7 of the federal Privacy Act (section 7 of Pub.L. 93-579, found at 5 U.S.C. § 552a
note). This federal provision places limits on a federal, state or local government agency's ability to require individuals to disclose their social security numbers to the government. It is my opinion that the answer to your question is most likely governed by this provision. Section 7 states as follows:
 (a)(1) It shall be unlawful for any Federal, State or local government agency to deny to any individual any right, benefit, or privilege provided by law because of such individual's refusal to disclose his social security account number.
 (2) the [The] provisions of paragraph (1) of this subsection shall not apply with respect to —
(A) any disclosure which is required by Federal statute, or
 (B) the disclosure of a social security number to any Federal, State, or local agency maintaining a system of records in existence and operating before January 1, 1975, if such disclosure was required under statute or regulation adopted prior to such date to verify the identity of an individual.
 (b) Any Federal, State or local government agency which requests an individual to disclose his social security account number shall inform that individual whether that disclosure is mandatory or voluntary, by what statutory or other authority such number is solicited, and what uses will be made of it.
5 U.S.C. § 552 note.
Section 7 thus broadly prohibits a government agency from penalizing an individual in any way because of his failure to reveal his social security number upon request, except in certain narrowly defined circumstances. See Section 7(a)(2), above.[1] With regard to the applicable definition of "agency" under this provision, section 552(a)(1), the definitional portion of § 552a, provides that the term "agency" means "agency as defined in section 552(e) of this title[.]"5 U.S.C. § 552(a)(1).[2] Section 552(e), now codified as § 552(f) (see n. 1, supra), states:
 [T]he term `agency' as defined in section 551(1) of this title includes any executive department, military department, government corporation, government controlled corporation, or other establishment in the executive branch of the government (including the Executive Office of the President), or any independent regulatory agency.
5 U.S.C. § 552(f).
It has been noted that some ambiguity is generated by the Privacy Act's incorporation of these older and broader statutes which apply exclusively to federal agencies. See Krebs v. Rutgers, 797 F. Supp 1246 (D.N.J. 1992). As stated in Krebs, supra, Section 7 extends to state and local "agencies," without any further indication of how these "agencies" are to be defined. 797 F. Supp. at 1253. According to the federal court inKrebs, the relevant inquiry in identifying covered state and local "agencies" focuses on "the nature and extent of government control of and involvement in [the entity's] operations." Id. at 1254.
An important threshold question thus arises under the Privacy Act as to whether the Board of Trustees of the Arkansas Teacher Retirement System ("Board") is in fact covered by Section 7. This presents a federal law question which cannot be conclusively resolved in the context of an opinion from this office. It may well be that nothwithstanding the absence of government control, the Board would nevertheless qualify as an "independent regulatory agency." See Section 552(f), above. Again, however, this type of federal question ordinarily is not within the scope of an Attorney General opinion.
Although some uncertainty remains in this regard, I believe prudence dictates compliance with the Privacy Act. Because the practice ofrequiring social security numbers could well be deemed violative of the federal law, I suggest that the Board refrain from requiring the numbers and instead inform the members that disclosure is voluntary. The specific provisions of 5 U.S.C. § 552a note, set out above, should be referenced in this regard.
It is my opinion that the answer to your second question is, generally, "yes." Please note that I have enclosed a copy of Attorney General Opinion 96-317, which sets forth the relevant analysis in this regard.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] Several other exceptions, inapplicable in this instance, to the statutory protection generally afforded those who refuse to disclose their social security numbers, are found in the federal Social Security Act. See 42 U.S.C. § 405(c)(2)(C) (1996).
[2] Subsection (e) of § 552, which is part of the federal Freedom of Information Act, was redesignated as subsection (f) under a 1986 amendment. see Pub.L. 99-570, § 1802 (b).